**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

**DAVID COHEN**

         Plaintiff,

-against-

**SELENE FINANCE LP and JOHN DOES (1-10)**

         Defendant.

---

Civil Action:

**CLASS ACTION COMPLAINT**
**and**
**DEMAND FOR JURY TRIAL**

    Plaintiff, DAVID COHEN (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through his attorneys, Marcus & Zelman, LLC, against SELENE FINANCE LP (hereinafter "Selene" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

5. Plaintiff is the sole subscriber of the AT&T wireless account bearing the phone number of (732) xxx-7363, and has been the sole subscriber of that account at all times relevant hereto.

6. Plaintiff is the sole party financially responsible for the payment of the AT&T account bearing the phone number of (732) xxx-7363, and has been the sole party financially responsible for that account at all times relevant hereto.

7. Plaintiff is the regular and sole user of the cellular phone number (732) xxx-7363, and has been the regular and sole user of that phone number at all times relevant hereto.

8. Plaintiff is the "called party" as that term is used by 47 U.S.C. §227 with respect to the calls placed on his cellular telephone number (732) xxx-7363.

9. Selene is a national mortgage servicer with an address at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042-8500.

10. Defendant is a debt collector as defined by 15 U.S.C. §1692(a)(6).

11. John Does 1-10, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

12. Plaintiff brings this action individually seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA"), as well as the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (hereinafter "FDCPA").

13. The regulations under the TCPA prohibit placing calls to a cellular telephone via an automated telephone dialing system (an "ATDS") without the called party's prior express consent.

14. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

15. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

16. Even if prior consent was given, a consumer has a right to revoke that consent. *See, Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).

17. Upon information and belief, the Defendant has recently called the Plaintiff's cell phone in violation of the TCPA over one hundred (100) times.

18. Plaintiff further brings this class action on behalf of a class of New Jersey consumers

seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt under the § 1692 et seq. of Title 15 of the United States Code or the Fair Debt Collection Practice Act ("FDCPA").

19. Under the FDCPA, debt collectors are required to provide consumers with certain information, including to notify them that a communication is from a debt collector, and by failing to provide such information, a debt collector would be harming the consumer.

## ALLEGATIONS OF FACT

20. On or around 2005, Plaintiff purchased a personal residence at 80 Monmouth Road, Oakhurst, New Jersey 07755 with a mortgage, where he has lived ever since.

21. Due to unforeseen circumstances, Plaintiff stopped paying his mortgage several years ago. As a result of the non-payment, the mortgage subsequently went into default.

22. Subsequently, the alleged loan was transferred to the Defendant for servicing or was purchased by the Defendant.

23. At that time, the mortgage was in default and was an alleged consumer debt as defined by 15 U.S.C. §1692(a)(5).

24. Soon after taking over the mortgage, Defendant began contacting the Plaintiff by calling his cellular telephone number numerous times a day in an attempt to collect the past due on these accounts.

25. Soon after the calls began, Plaintiff notified Selene over the telephone that he wanted the calls to stop. Over the last two years, Plaintiff has notified Selene several more times for the calls to stop.

26. One such time occurred on November 18, 2016 in which the Plaintiff called Selene and

Selene stated that the calls to the Plaintiff were computer generated.

27. During that call, Plaintiff stated and requested, "Can you not call my cell phone anymore," and later stated "so the cell phone number (732) xxx-7363 you are not going to call anymore," and the representative refused stating that she could not stop calling because she needs some number to call.

28. On another call to the Plaintiff on February 02, 2017, Plaintiff answered and stated "I am in my therapists office and I have asked you many times not to call anymore because of the stress . . . can you stop calling me," to which the representative stated that unless he sends a cease and desist letter they were not able to stop the calls. The Plaintiff continued to explain that he has a serious medical issue and is not able to put together a letter to mail out and asked that in light of his medical condition can they please stop calling him based off of his request over the telephone, to which the representative said no.

29. Despite Plaintiff's multiple requests, Selene has continued to call the Plaintiff.

30. Defendant would call Plaintiff's cellular telephone, using an automatic telephone dialing system to initial the telephone call.

31. On many of these calls, including a call on December 15, 2016, Defendant would leave a pre-recorded voicemail as follows:

> "Please call Selene Finance at 877-768-3759 it is very important that you return our call within 24 hours. Our hours of operation are Monday through Thursday 8am-9pm and Friday 8am-5pm. Please call Selene Finance at 877-768-3759."

32. Defendant's use of an automated telephone dialing system was clearly indicated by the amount of calls, the usage of pre-recorded messages, and the admission of the representative on the November 18, 2016 call.

33. These phone calls were made several times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

34. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

35. Plaintiff suffered actual damages because the Defendant's calls deprived Plaintiff of the use of his cellular phone during the times that the Defendant was calling, depleted the battery life of the cellular telephone, invaded on the Plaintiff's right to privacy and seclusion (the very harm that Congress sought to prevent).

36. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls and messages.

37. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

38. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

39. The telephone calls at issue were placed by Defendant using an automated telephone dialing system (hereafter "ATDS") in violation of the TCPA.

40. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or the ability to dial those stored

telephone numbers from its database without human intervention.

41. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

42. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

43. As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory, and actual damages.

44. Pursuant to section 15 U.S.C. 1692e(11) a debt collector must in all subsequent communications with a consumer disclose that the communication was coming from a debt collector.

45. Defendant has failed in every voicemail and phone call with the Plaintiff to ever identify themselves as a debt collector.

46. Upon information and belief, Defendant has a pattern and practice of leaving the same or similar voicemails to consumers that fail to identify themselves as calling from a debt collector.

47. The FDCPA gives consumers a statutory right to receive certain information, including that the communication was from a debt collector, which the Plaintiff was deprived of in this case.

48. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

49. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

50. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide class (the "Class"):

a. All consumers with whom Selene Finance LLP was attempting to collect a debt, with an address in the State of New Jersey, to whom Selene left a pre-recorded voicemail that failed to disclose that the communication was from a debt collector.

b. The Class period begins one year to the filing of this Action.

51. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection voicemails from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard voicemail that is left on hundreds of persons voicemail system;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or

injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.***

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT II

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.***

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 USC § 1692e of the FDCPA.

62. Pursuant to 15 USC §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated said section by failing to disclose in their voicemail message with the Plaintiff that the communication was from a debt collector in violation of 15 USC §1692e(11).

64. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

65. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper;

and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

c. On the Third Count, for violations of the FDCA, 15 USC 1692 *et seq.*, Plaintiff demands judgment (i) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Yitzchak Zelman, Esq., as Class Counsel; (ii) Awarding Plaintiff and the Class statutory damages; (iii) Awarding Plaintiff and the Class actual damages; (iv) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; (v) Awarding pre-judgment interest and post-judgment interest; and (vi) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: February 02, 2017                    /s/ Yitzchak Zelman, Esq.
                                                                      Yitzchak Zelman, Esq.
                                                                      MARCUS & Zelman, LLC

1500 Allaire Avenue, Suite 101<br>
Ocean, New Jersey 07712<br>
Telephone: (732) 695-3282<br>
Facsimile: (732) 298-6256<br>
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 02, 2017

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.